UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **Ronnie L. Morgan** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 06-5700** |
| **Marlin Gusman, et al.** | * | **SECTION "B"** |

## ORDER AND REASONS

Defendant Cornel Hubert appeals Magistrate Judge Roby's Report and Recommendations to partially deny his Motion to dismiss him as a party under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, Defendant Hubert's Motion is **DENIED**.

## BACKGROUND

The plaintiff, Ronnie L. Morgan, Jr. is a federal inmate who was housed in protective custody in the House of Detention ("HOD") within the Orleans Parish Prison system ("OPP") at the time of Hurricane Katrina. The movant/defendant, Cornel Hubert, is the Warden of Elayn Hunt Correctional Center ("Hunt") and is sued in his individual and official capacities. Sheriff Marlin Gusman is also a defendant but he is not a subject of the instant Motion to Dismiss.

This suit was filed pursuant to Title 42 U.S.C. § 1983 with counsel and the filing fee was

paid. In the complaint, filed by retained counsel, Morgan alleges that he did not have food, water, and medical care at OPP after the electricity failed on August 29, 2005. The toilets backedup with human waste. He was not evacuated from the jail until September 1, 2005, when he was moved to I-10 and later transported by bus to Hunt.

Morgan was then placed with thousands of inmates in an open field which was surrounded by guards. Plaintiff claims to have told an unidentified defendant that he was in protective custody and needed to be moved. Another inmate, not the plaintiff, explained that he saw his enemies in the field and feared that he would be attacked. The unidentified defendant advised the plaintiff and other alleged protective custody inmates not to disclose their identities to other inmates. One protective custody inmate, again, not the plaintiff, was later attacked and, when he tried to get to the guards, shots were fired. Approximately 30 minutes later, the plaintiff was attacked and stabbed in the head and neck. When he approached the guards at the gate, they laughed at him and offered no help.

The plaintiff remained in blood-soaked clothes wandering the field, afraid to sleep. He was eventually transferred out of Hunt on September 2, 2005, having never received medical attention for his wounds. As a result of the defendants actions or inactions, plaintiff sustained serious bodily injury which resulted in scarring. He also continues to suffer from headaches, sleeplessness and emotional damage stemming from the horrors to which he was subjected. He seeks monetary damages, costs and attorneys' fees.

Warden Cornel Hubert (hereinafter "the defendant") moves to be dismissed as party pursuant to Federal Rule of Civil Procedure 12(b)(6). The defendant claims that he is entitled to qualified immunity because he is a government official the plaintiff has failed to plead facts

sufficient to show a constitutional violation under § 1983. Magistrate Roby found that the defendant should be dismissed as it relates to his official capacity, because as a state actor he is not considered a "person" for purposes of a §1983 action. However, Magistrate Roby did find that the defendant should not be dismissed in his individual capacity because the court found that the plaintiff has put forth enough evidence to show that the defendant did not act reasonably in the situation. It is from this ruling that the defendant appeals. The defendant contests the recommendation that he not be dismissed in his individual capacity. The defendant asserts that Magistrate Roby failed to consider whether the plaintiff had sufficiently alleged a deprivation of a constitutional right. He asserts that the magistrate judge should have analyzed the well-pleaded facts to determine whether the plaintiff satisfied this threshold inquiry. Further he contends that the plaintiff has merely alleged that he was in "protective custody" which is a custodial classification to which there is no constitutional right to a specific classification.

In addition, the defendant claims that there is no absolute right for inmates to be protected from attack by other inmates, but only a right for a measure of protection. He asserts that prison officials are not expected to prevent all inmate-on-inmate violence. *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003). The defendant contends that all the facts in this case that have thus far been pleaded merely describe an isolated inmate-on-inmate attack with no prior warning.

The defendant also contends that Magistrate Roby failed to apply the correct standard for qualified immunity in her report. He states that the two part test for qualified immunity is 1) whether the plaintiff alleges that a clearly established constitutional right has been violated and 2) whether the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the incident. The defendant claims that Magistrate Roby failed to determine

whether there was a "clearly established" constitutional right was at issue in this case. He asserts that he is entitled to qualified immunity if reasonable public officials could differ on the lawfulness of the actions.

In addition he argues that the exigent circumstances of Hurricane Katrina, and the resulting mass evacuation of OPP was not fully considered by Magistrate Roby, and the Report and Recommendations contains no analysis of the issue. He notes that constitutional rights which normally may be adequately protected can be prioritized when faced with an emergency. *Whitley v. Albers*, 473 U.S. 312, 320 (1986). He also argues that Magistrate Roby incorrectly placed the burden of showing that his actions were reasonable or unreasonable on the defendant, when Fifth Circuit case law holds that the burden is on the plaintiff. *Felton v. Polles*, 315 F.3d 470, 477 (5th Cir. 2002).

Defendant argues that deliberate indifference is the appropriate standard by which his conduct should have been evaluated. He notes the three prong test under which a supervisor may be found personally liable under a §1983, 1) the official failed to train or supervise the officers involved; 2) there is a causal connection between the alleged failure to supervise or train and the alleged violation; and 3) the failure to train or supervise constituted a deliberate indifference to the plaintiff's constitutional rights. *Burges v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003). In addition, defendant asserts that to establish a claim that he was not adequately protected the plaintiff must show that he was incarcerated under conditions that posed a substantial risk of serious harm to his safety and that the defendant was deliberately indifferent to the plaintiff's need for protection. *Farmer v. Brennan*, 511 U.S. 825 (1994). Further the defendant asserts that he is not the final policy maker for Hunt, but instead follows

the guidelines handed down from the Louisiana Department of Public Safety and Corrections, and as such the decision to classify prisoners as being in "protective custody" and the decision to segregate them from the general population does not rest with him. Finally the defendant asserts that since the plaintiff alleges that the defendant knew or should have known that there would be inmates in protective custody coming in from O.P.P. that measures should have been taken to segregate them from the general population. The failure to segregate the protective custody inmates from the general population does not meet the deliberate indifference standard.

The plaintiff, Ronnie Morgan, contends that the defendant should not be dismissed in his individual capacity. He argues that pursuant to Federal Rule of Evidence 12(b)(6) a party should only be dismissed if "it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). In determining whether an official is entitled to qualified immunity the court "must determine: (1) whether the plaintiff has alleged a violation of a clearly established constitutional right; and (2) if so, whether the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the incident." *Jacob v. West Feliciana Sheriff's Dept.*, 228 F.3d 388, 393 (5th Cir. 2000).

Plaintiff argues that in order for a particular constitutional right to be clearly established, the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). In addition the plaintiff contends that there need not be exact precedent stating that the alleged conduct is unlawful, so long as it is apparent from the existing law. *Hillard v. City & County of Denver*, 930 F.2d 1516, 1518 (10th Cir. 1991). In this case the plaintiff argues that inmates have

5

a clearly established constitutional right to protection form other inmates.  He states that it has been established that prison officials must make reasonable efforts to guarantee the safety of their inmates.  Further he argues that the right to be protected from attack is a clearly established constitutional right.  As such plaintiff argues that the defendant failed to take reasonable measures to protect him from attacks by other inmates.

   Plaintiff maintains his argument on the fact that the prison guards had verbal notice that the plaintiff was in protective custody, the plaintiff's outfit indicated that he was in protective custody, and that other prisoners were waiting at the fence for him to be put on the field.  He further argues that the defendant cannot use the exigent circumstance of Hurricane Katrina to get around the question of whether plaintiff's right to protection was established. Plaintiff further asserts that if a prisoner is a part of an identifiable group of prisoners who are frequently singled out for attack, then it does not matter whether officials could specifically foresee whom would attack whom.  Further the plaintiff asserts that he has provided sufficient details that would have put the defendant on notice that Morgan was being threatened and his rights were going to be violated.

   The plaintiff asserts that he has met the second prong of the test because he has put forth enough evidence to show that the defendant's actions were not objectively reasonable.  Plaintiff contends that he has clearly pled facts which show that the defendant's conduct was unreasonable in light of the deliberate indifference standard, and further this is a question of fact and not appropriate to determine at the 12(b)(6) stage.  First the plaintiff alleges that he was incarcerated in conditions posing a serious risk of harm, since he was transported to Hunt with protective custody inmates and then put on the field with general population prisoners.  As such

he was incarcerated in conditions which posed a serious risk of harm and which did lead to serious harm for the plaintiff.  Further the plaintiff alleges that the defendant was deliberately indifferent to this risk.  However, the plaintiff contends, that this is beyond the scope of a motion to dismiss. *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998).  But he also contends that there is sufficient facts pled to indicate that the defendant had knowledge of the threat posed to the plaintiff.  He contends that based on plaintiff's verbal notifications that he was in protective custody, the fact that he was wearing prison clothing with "federal" on it, and that prisoners were gathering at the fence and calling to each other while the protective custody inmates were being put on the field.

Finally the plaintiff alleges that the defendant has in place at Hunt policies for segregating out those inmates in protective custody from those in the general population.  Based this the plaintiff asserts that the defendant knew of the risk but did nothing to mitigate or avoid any potential harm to the plaintiff.

## **LAW AND ANALYSIS**

### A. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6) a motion to dismiss should only be granted if "it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief" *Campbell*, 43 F.3d at 975.  When reviewing a motion to dismiss the court shall accept all well pleaded facts as true, and they should be reviewed in a light most favorable to the plaintiff.  *Id* at 973

### B. Qualified Immunity

In assessing whether a party is entitled to qualified immunity the court "must determine:

(1) whether the plaintiff has alleged a violation of a clearly established constitutional right; and (2) if so, whether the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the incident." *Jacobs v. West Feliciana Sheriff's Dept.*, 229 F.3d 388, 393 (5th Cir. 2000).

### 1. Plaintiff has Alleged a Violation of a Clearly Established Constitutional Right

The Supreme Court has stated that a clearly established right the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). As such there need not be specific precedent establishing that a certain action is in violation of a constitutional right, so long as the unlawfulness of an action is apparent based on the pre-existing law. *Id*.

In this case the Plaintiff alleges that the constitutional right that was violated is the right of an inmate to protection from other inmates.[1] The defendant contends "prison officials are not, however, expected to prevent all inmate-on-inmate violence." *Adams v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003). In addition, the defendant urges that court should have considered the exigent circumstances surrounding the incident, namely Hurricane Katrina and the mass evacuation of OPP.

However, the plaintiff contends that despite these circumstances, his rights were still violated by the defendant. The Supreme Court has established that "officials can be on notice that their conduct violates established law even in novel factual circumstances." *Hope v. Pelzer*,

---

[1] There is no dispute as to whether inmates have a constitutional right to protection from other inmates.

536 U.S. 730, 741 (2002). Thus even under the extreme circumstances of the Hurricane Katrina, the defendant still should have been on notice that by placing a person who was in protective custody, wearing the uniform of someone in protective custody, in a field with the general population prisoners, would be in danger of attack. In addition, the Supreme Court has held that a prison official who "knows of and disregards an excessive risk to inmate health or safety" has violated a clearly established right. *Brennan v. Farmer*, 511 U.S. 825, 837 (1970). The plaintiff has made such a showing: plaintiff notified the guards that he was in protective custody, he was wearing the protective custody uniform, and there were general population prisoners waiting at the gate for the protective custody prisoners to enter the field. As such it is seems clear that plaintiff has made a sufficient allegation that a clearly established constitutional right was violated.

### 2. The Defendant Acted Unreasonably in Light of Clearly Established Law

In this case the proper standard to evaluate the defendant's actions is that of deliberate indifference. Under *Farmer* there is a two pronged test for in evaluating deliberate indifference, first, the plaintiff must show that he or she was "incarcerated under conditions posing a substantial risk of serious harm." *Id* at 834. Second, the plaintiff must show that the prison official had sufficiently culpable state of mind and was "deliberately indifferent to that risk. *Id*.

Under the first prong, dangerous conditions, the plaintiff has sufficiently alleged facts which would support such a claim. The plaintiff has alleged that he was in protective custody at the time he was transported from OPP to Hunt, he was transported with other protective custody inmates, he was wearing the uniform of protective custody inmates, and finally he was placed on the field with general population inmates. Plaintiff alleges that these conditions were such that they posed a substantial risk of serious harm and did in fact result in injury to the plaintiff.

Under the second prong, deliberate indifference by the defendant, the plaintiff has alleged sufficient facts to support a claim. First it should be noted that when state of mind is an essential element it is "less fashionable to grant summary judgment because a party's state of mind is inherently a question of fact." *Int'l Shortstop, Inc. v. Rally's Inc.* 939 F.2d 1257, 1265 (5th Cir. 1991). In addition, plaintiff has alleged that he notified the guards that he was a protective custody inmate and was wearing prison clothing that said "federal," indicating that he was in protective custody. Further the prison officials at Hunt were aware this put him in danger because they told him not to tell anyone he was in protective custody. In addition, the plaintiff alleged that the risk of harm as obvious, or should have been obvious to the prison officials because general population prisoners had gathered at the fence when the protective custody inmates approached and were calling them out. Further it has been asserted that the defendant was aware of the substantial risk of harm to protective custody inmates because at Hunt the inmates in protective custody are segregated from the general population. As such the defendant knew or should have known that some of the prisoners being transferred in from Orleans Parish Prison would be in protective custody and would need to be separated out from the general population, and that he failed to follow the policies that are in place at Hunt. As such the plaintiff has alleged sufficient facts to establish that the defendant was deliberately indifferent.

## **CONCLUSION**

Based on foregoing, this Court finds that the plaintiff has sufficiently pled facts to survive this motion to dismiss. The facts pled sufficiently support the allegations that the defendant violated a clearly established constitutional right to protection from attack by other prisoners by not segregating him the general population. Further it has been sufficiently alleged

10

that the defendant acted with deliberate indifference toward the potential risk in incarcerating a protective custody inmate with the general population, especially in light of the fact that such a policy is currently enforced at Hunt. Accordingly, the defendant's motion to dismiss himself in his individual capacity is **DENIED**.

New Orleans, Louisiana, this 12th day of March, 2008.

　　　　　　　　　　　　　　　　　　IVAN L.R. LEMELLE
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE