UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RONNIE L. MORGAN, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-5700** |
| **MARLIN GUSMAN, CRIMINAL SHERIFF ORLEANS PARISH, CORNEL HUBERT, WARDEN, ELAYN HUNT CORRECTIONAL CENTER; JOHN DOE, ELAYN HUNT CORRECTIONAL CENTER** | **SECTION "B"(4)** |

## ORDER AND REASONS

The plaintiff's **Motion to Compel Deposition of Warden Cornel Hubert (Rec. Doc. No. 60)** came before the Court for oral argument. The plaintiff sought an order compelling Warden Hubert to submit to a deposition in connection with the limited discovery ordered by the United States Fifth Circuit on Hubert's qualified immunity defense. Warden Hubert opposed the motion on the basis that the deadline for filing an amended complaint under the District Judge's scheduling order has passed.[1] He argues that the deposition would be futile and irrelevant since the plaintiff can no longer amend the complaint to include facts with specificity to overcome the qualified immunity defense. After considering the motion, the opposition, and the argument of counsel, the Court grants the motion for the reasons orally assigned as supplemented herein.

---

[1] Rec. Doc. No. 54, 67.

## I. Factual Allegations Relevant to Warden Hubert

The plaintiff, Ronnie L. Morgan, Jr. is a federal inmate who was housed in protective custody in the House of Detention ("HOD") within the Orleans Parish Prison system ("OPP") at the time of Hurricane Katrina. This suit was filed pursuant to 42 U.S.C. § 1983 by retained counsel and the filing fee was paid. Named as defendants are Cornel Hubert, Warden of Elayn Hunt Correctional Center ("Hunt") and Sheriff Marlin Gusman.

In the complaint, Morgan alleges that he did not have food, water, and medical care at OPP after the electricity failed on August 29, 2005, in connection with Hurricane Katrina. He alleges that the toilets backed up with human waste. He claims that he was not evacuated from the jail until September 1, 2005, when he was moved to I-10 and later transported by bus to Hunt.

At Hunt, he claims that he was placed with thousands of inmates in an open field which was surrounded by guards. Morgan further alleges that he told an unidentified prison guard that he was in protective custody and needed to be moved. Another inmate, not the plaintiff, explained to the guard that he saw his enemies in the field and feared that he too would be attacked. The unidentified guard advised the plaintiff and other alleged protective custody inmates not to disclose their identities to other inmates.

One protective custody inmate, not the plaintiff, was later attacked. When he tried to get to the guards, shots were fired. Approximately 30 minutes later, the plaintiff was attacked and stabbed in the head and neck. When he approached the guards at the gate, they laughed at him and offered no help.

The plaintiff alleges that he remained in blood-soaked clothes wandering the field, afraid to sleep. He was eventually transferred out of Hunt on September 2, 2005, having never received

medical attention for his wounds. As a result of the defendants actions or inactions, plaintiff alleges that he sustained serious bodily injury which resulted in scarring. He also continues to suffer from headaches, sleeplessness and emotional damage stemming from the horrors to which he was subjected. He seeks monetary damages, costs, and attorneys' fees.

## II.     Procedural Background

On July 23, 2009, the United States Fifth Circuit Court of Appeal reversed the District Judge's order denying Warden Hubert's Motion to Dismiss based on a qualified immunity defense.[2] The Fifth Circuit remanded the matter back to the District Court to allow for discovery limited to the qualified immunity issue.

The District Judge issued a scheduling order on January 11, 2010, which set a non-jury trial for October 18, 2010.[3] In connection therewith, a discovery deadline was set for August 30, 2010. The order also provided that all amended pleadings were to be filed by March 8, 2010.

On Hubert's motion, the District Judge also reset Hubert's Motion to Dismiss (Rec. Doc. No. 9) for hearing on April 28, 2010 without oral argument.[4] The Motion remains pending before the District Judge.

## III.    Plaintiff's Argument in Support of the Motion to Compel

Counsel for the plaintiff argues that he requested that defense counsel produce Warden Hubert for a deposition but they refuse to do so. Plaintiff's counsel was advised by defense counsel that, because the plaintiff has not yet amended the complaint after remand to state a better case to

---

[2] Rec. Doc. Nos. 48 (Fifth Circuit's Order), 29 (Order and Reasons denying Motion to Dismiss, Rec. Doc. No. 9).

[3] Rec. Doc. No. 54.

[4] Rec. Doc. No. 58.

overcome qualified immunity, the deposition is too late. Defense counsel suggests that because plaintiff has missed that amendment deadline set by the District Judge, he can not meet his obligation to present additional facts to overcome the qualified immunity defense. Also, defense counsel has successfully moved to reset for hearing the motion to dismiss before the District Judge making the deposition unnecessary.

In addition, defense counsel has requested that plaintiff's counsel provide a list of specific topics to be covered at the deposition and to be narrowly tailored to the qualified immunity defense. Plaintiff's counsel argues that, when they did so, defense counsel responded that the list was not sufficiently tailored.

Plaintiff argues that he is entitled to depose the Warden without restrictions being placed by defense counsel until such time that defense counsel needs to object to a particular question. Plaintiff argues that the blanket refusal to appear for a deposition is not consistent with the federal rules or any Fifth Circuit precedent.

At oral argument, defense counsel advised the Court that he began discussing the deposition with opposing counsel in March, 2010, although he received discovery responses in December, 2009 or January, 2010.

## IV. **Defendant's Opposition**

The Warden argues that he has provided the plaintiff with two reasons why the deposition should not be taken at this time.[5] First, the deposition is futile because the plaintiff can no longer amend his complaint to include facts sufficient to overcome the qualified immunity defense. The deadline to amend passed and the plaintiff has not yet amended the complaint since the remand by

---

[5]Rec. Doc. No. 67.

4

the Fifth Circuit. Second, the plaintiff can not take an unlimited deposition of the Warden at this time. The plaintiff has not indicated an intent to limit a deposition to the qualified immunity issues.

In addition, the defendant argues that the motion to compel is premature. The defendant argues that the Motion to Dismiss on the basis of qualified immunity is pending again before the District Judge. One of the dispositive issues is the legal effect of plaintiff's failure to amend the complaint after the remand and in accordance with the scheduling order. The Warden argues that the relevance of his deposition testimony depends on whether the District Judge grants the motion to dismiss. In such a case, the plaintiff has lost the opportunity to amend and the deposition would be unnecessary. The Warden asks that the Motion to Compel be dismissed without prejudice pending the outcome of the Motion to Dismiss.

Although no law was cited in the defendant's opposition memorandum, at oral argument counsel referenced a 1999 case entitled "Reyes v. Sazan" for the proposition that a plaintiff's case must be dismissed when the plaintiff fails to amend the complaint to include facts sufficient to overcome the qualified immunity defense. The Court has located a case entitled *Reyes v. Sazan*, 168 F.3d 158 (5th Cir. 1999), which will be discussed later in this opinion.

## V. **Standards of Review**

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando,* 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and

necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. Amer. Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994).

**VI.   Analysis**

The United States Fifth Circuit specifically remanded this matter back to the District Court for discovery on the limited issue of Warden Hubert's qualified immunity. Since the remand, there has been no time limit placed on the plaintiff's ability to conduct that discovery other than the discovery deadline imposed for August 30, 2010. The record before the Court does not contain anything that would prohibit the plaintiff from conducting Warden Hubert's deposition.

The defendant also argues that the failure to amend within the deadline set by the District Judge, March 8, 2010, renders the deposition irrelevant and futile. The contention is that Morgan will be unable to amend the complaint to satisfy the Fifth Circuit's directive to amend the complaint to plead facts sufficient to overcome qualified immunity.

Contrary to defendant's suggestion, the Fifth Circuit did not mandate that the plaintiff amend the complaint. The Court's reference to the sufficiency of the plaintiff's pleadings was a necessary component of the qualified immunity analysis in which it was engaged. That analysis led only to their conclusion that the plaintiff was entitled to conduct that limited discovery.

In addition, as noted at oral argument, the liberal parameters of Fed. R. Civ. P. 15 would require the Court to consider a motion to amend, even if presented beyond the Court's scheduling deadline. The Court's scheduling order itself allows for the possibility of extending the deadlines and cut-offs by order of the Court on good cause shown.

6

The record also reflects that, when addressing Warden Hubert's Motion to Dismiss the first time, the undersigned gave Morgan an opportunity to file such a reply or amend the complaint. The complaint and amended complaint led eventually to the denial of the motion by the District Judge and the remand from the Fifth Circuit for the discovery at issue here. This makes all the more important and relevant the granting to Morgan of the opportunity to complete the deposition and discovery on this issue.

To be clear, as discussed with counsel at oral argument, the plaintiff's entitlement to amend his complaint is not before the Court at this time. Amendment was not ordered by the Fifth Circuit and has not been ordered by the District Court. However, the defendants' argument compels the Court to note that the opportunity to amend is not a requirement in this case or the only method by which Morgan can address qualified immunity.

When addressing a qualified immunity defense, the United States Supreme Court has held that "[t]he court may order a reply to the defendant's or a third party's answer under Federal Rule of Civil Procedure 7(a), or grant the defendant's motion for a more definite statement under Rule 12(e)." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Relief was not limited to an amended complaint.

Furthermore, the Fifth Circuit has also established the use of a Fed. R. Civ. P. 7(a) reply to resolve the inherent conflict between notice pleading and the substantive right to qualified immunity, the latter requiring that a plaintiff allege with particularity those facts necessary to overcome a qualified immunity defense. "When a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail. By definition, the reply must be tailored to the assertion

of qualified immunity and fairly engage its allegations." *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995) (en banc). "*Schultea* makes it clear that this two-step process-requiring the plaintiff to file a short and plain statement of his claim pursuant to Rule 8(a)(2) followed by a more particularized reply pursuant to Rule 7 - is the preferred procedure preceding consideration of a motion to dismiss on grounds of qualified immunity." *Todd v. Hawk*, 66 F.3d 320, 1995 WL 534966, at *3 (5th Cir. Aug. 2, 1995) (Table, Text in Westlaw).

The Court notes this well-established *Schultea* process only to emphasize that amending the complaint, or the failure to do so, is not necessarily dispositive of the plaintiff's case nor is it the only procedure available for the Court to address the qualified immunity defense.

The Court further notes that the filing of an amended complaint was not the order of the Court in *Reyes v. Sazan*, 168 F.3d at 158, cited by defense counsel at oral argument. Instead, the *Reyes* Court emphasized and ordered compliance with the *Schultea* process.

In *Reyes*, the district court denied in part the defendants' motion to dismiss based on qualified immunity even though it found that the complaint lacked particularized facts necessary to overcome that defense. 168 F.3d at 160. Instead, the District Court instructed that it would consider granting summary judgment if there was a showing that no genuine issues of fact existed regarding the policies leading to the plaintiff's stop and search. *Id*.

The Fifth Circuit observed that when "[f]aced with sparse details of claimed wrongdoing by officials, trial courts ought routinely require plaintiffs to file a reply under Federal Rule of Civil Procedure 7(a) to qualified immunity defenses." *Reyes*, 168 F.2d at 161 (citing *Schultea*, 47 F.3d at 1430, 1432. Finding that the plaintiffs' complaint provided "little more than a bare conclusion," the Court resolved that the district court erred in not ordering a *Schultea* reply. *Id*. The Court went

on to state that "[t]he Supreme Court's refinement of qualified immunity jurisdiction has only made the more important *Schultea*'s emphasis upon the reply as a tool of the trial court insisting on particularity in pleading." *Id.*, at 161.

The foregoing reference emphasizes the importance of the opportunity given to a plaintiff, this plaintiff, to balance between notice pleading and the heightened requirements accompanying qualified immunity defenses, whether that showing be made by amendment, Rule 7(a) reply, or pursuant to *Schultea*. The Warden's deposition will be relevant to that end and is not futile. Considering all of the foregoing, Morgan should be allowed to depose Warden Hubert, limited to the qualified immunity issues consistent with the remand by the Fifth Circuit. Accordingly,

**IT IS ORDERED** that Ronnie L. Morgan, Jr.'s **Motion to Compel Deposition of Warden Cornel Hubert (Rec. Doc. No. 60)** is **GRANTED** and the deposition is to be limited to the qualified immunity issues consistent with the remand by the Fifth Circuit.

New Orleans, Louisiana, this   12th    day of May, 2010.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**