```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**RONNIE L. MORGAN**                                 *   **CIVIL ACTION**

**VERSUS**                                           *   **NO. 06-5700**

**MARLIN GUSMAN, ET AL.**                            *   **SECTION "B" (4)**


                          <u>**ORDER AND REASONS**</u>

Before the Court is Defendant Cornel Hubert's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Rec. Doc. No. 9), arguing that qualified immunity bars suit against said Defendant. This Court previously denied said motion in part, as to claims against Hubert in his individual capacity (*see* Rec. Doc. No. 25). The Fifth Circuit, however, reversed that denial and remanded the case for the purpose of conducting limited discovery as to the qualified immunity defense (*see* Rec. Doc. No. 48 at 11-12). This Court then reset the underlying Motion to Dismiss (Rec. Doc. No. 9) for hearing, pending the limited discovery ordered by the Fifth Circuit. This limited discovery has now concluded (*see* Rec. Doc. No. 98 at 3), and Plaintiff has filed a memorandum and additional evidence regarding the specific facts central to the determination of whether qualified immunity applies here (*see* Rec. Doc. Nos. 94 and 95). As such, the underlying Motion to Dismiss is now ripe for decision.

Considering the Fifth Circuit's opinion, the subject Motion to

Dismiss, the memoranda in opposition and replies thereto (Rec. Doc. Nos. 59, 66, 72, 94, and 95), and the applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant Cornel Hubert's Motion to Dismiss (Rec. Doc. No. 9), viewed also as a summary judgment motion, shall be **DENIED**.

*I. LEGAL STANDARD FOR DISMISSAL UNDER 12(b)(6) AND CONVERSION TO SUMMARY JUDGMENT*

In considering a Rule 12(b)(6) motion to dismiss, courts have found that dismissal pursuant to this provision "'is viewed with disfavor and is rarely granted.'" *Lowery v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)). The complaint must be liberally construed in favor fo the plaintiff, and all facts pleaded in the original complaint must be taken as true. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002); *Campbell v. Wells Fargo Bank*, 781 F.2d 440,442 (5th Cir. 1980).

Until recently, the standard for a motion to dismiss was often phrased in such a way that a district court could not dismiss a complaint under Rule 12(b)(6) "unless it appear[ed] beyond doubt that the plaintiff [could] prove no set of facts in support of his claim which would entitle him to relief." *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957); *Blackburn v. Marshall*, 42 F.3d 925, 931 (5th

Cir. 1995). The Supreme Court in *Twombly*, however, recently noted that the phrase "no set of facts" "is bet forgotten as an incomplete, negative gloss on an accepted pleading standard . . ." and that allegations in the complaint must be "plausible" with "enough fact to raise a reasonable expectation that discovery reveal evidence." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545-46 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009) (discussing *Twombly*). The *Twombly* Court went on to note that the standard, in reality, remains the same and that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with allegations in the complaint." *Twombly*, 550 U.S. at 546. The Fifth Circuit defines this strict standard as, "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Lowery*, 117 F.3d at 247 (citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, §1357, at 601 (1969)). "In other words, a motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenged plaintiff's rights to relief based upon those facts." *Ramming v. United States*, 281 F.3d 158, 161-62 (5th Cir. 2001).

If any party submits materials that are not sufficiently incorporated in the complaint and the Court does not exclude them, this has the effect of converting the Rule 12(b)(6) motion into a

3

motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(d); *see also Dillon v. Rogers*, 596 F.3d 260, 271 (5th Cir. 2010). In this case, Plaintiff's oppositions and replies, filed upon completion of discovery limited to Hubert's qualified immunity defense, refer exclusively to materials outside the pleadings. The Court must consider this evidence to determine whether qualified immunity appliers here, as directed by the Fifth Circuit.

Accordingly, the Court hereby converts Defendant's Rule 12(b)(6) Motion to Dismiss into a motion for summary judgment. In accordance with Rule 12(d), Defendant is hereby allowed up until **seven (7) days after entry of this order** to present any material pertinent to the converted motion.

If Defendant does not submit any additional evidence, then it appears that qualified immunity should not apply based on Plaintiff's additional exhibits (Rec. Doc. No. 95) and more detailed heightened factual allegations (Rec. Doc. No. 94). At the very least, the Eighth Amendment inquiry of whether Hubert was deliberately indifferent to the substantial risk to Plaintiff's safety is a question of fact for the jury to decide. (*See* Rec. Doc. No. 48 at 9-10.) Plaintiff's contention that Morgan was not evacuated from protective custody at OPP to the commingled recreation yard at EHCC until more than 48 hours after Hubert learned of the evacuation plan suggests that there was time for Warden Hubert to develop some sort of plan, however limited, to

4

segregate protective custody prisoners upon arrival. The fact that Morgan and other OPP protective custody prisoners were kept separate from the general population during transport to EHCC indicates that some measure of segregation was possible upon arrival at EHCC. Hubert's failure to implement any kind of segregation measure for protective custody inmates upon their arrival at EHCC therefore indicates that Hubert was deliberately indifferent to the substantial risk to Morgan's safety resulting from his placement on the recreation field at EHCC with the general prisoner population.[1]

However, even if Defendant submits evidence that conflicts with Plaintiff's allegations that Hubert displayed "deliberate indifference" in violation of the Eighth Amendment, that would defeat a grant of summary judgment because it would show that there is an issue of material fact. If Defendant timely submits additional evidence, Plaintiff may respond to same **within seven (7) days** after receipt of that evidence. Thereafter, the Court will

---

[1] The Fifth Circuit has already held that the obligation of prison officials to protect prisoners from violence by other inmates is a clearly established right under the Eighth Amendment, which is violated when a prison official is deliberately indifferent to a substantial risk of serious harm to an inmate. (*See* Rec. Doc. No. 48 at 7-8.) The Fifth Circuit also found that, in this case, Morgan's placement on the recreational field at EHCC created an objectively substantial risk to his safety. (*See* Rec. Doc. No. 48 at 9.) As such, the only question remaining for this Court to determine is whether Warden Hubert was deliberately indifferent to this substantial risk to Morgan's safety - - a question of fact. (*See* Rec. Doc. No. 48 at 10.)

5

review Parties' submissions in reconsideration of the foregoing entry.

New Orleans, Louisiana, this 21st day of September, 2010.

_____
UNITED STATES DISTRICT JUDGE